1
2
3
4
5
6

**UNITED STATES DISTRICT COURT**

7

**DISTRICT OF NEVADA**

8
9
WILLIAM LEONARD,                    )
                                    )
10
                Plaintiff,          )          3:09-cv-00644-LRH-RAM
                                    )
11
vs.                                 )
                                    )          **ORDER**
12
E. K. McDANIEL, *et al.*,           )
                                    )
13
                Defendants.         )
_____/
14
15
        Plaintiff, who is a prisoner in the custody of the Nevada Department of Corrections,

16
originally filed this civil rights complaint pursuant to 42 U.S.C. § 1983 in the Seventh Judicial

17
District Court for the District of Nevada.  Defendants removed the action to this court on November

18
2, 2009.  (Docket #1.)

19
**I.      Screening Pursuant to 28 U.S.C. § 1915A**

20
         Federal courts must conduct a preliminary screening in any case in which a prisoner seeks

21
redress from a governmental entity or officer or employee of a governmental entity.  *See* 28 U.S.C. §

22
1915A(a).  In its review, the Court must identify any cognizable claims and dismiss any claims that

23
are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary

24
relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915A(b)(1),(2).  Pro se

25
pleadings, however, must be liberally construed.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d. 696,

26
699 (9th Cir. 1988).  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential

27
elements: (1) that a right secured by the Constitution or laws of the United States was violated, and

28
(2) that the alleged violation was committed by a person acting under color of state law.  *See West v.*

1  *Atkins*, 487 U.S. 42, 48 (1988).

2       In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation

3  Reform Act of 1995 (PLRA), a federal court must dismiss a prisoner's claim, "if the allegation of

4  poverty is untrue," or if the action "is frivolous or malicious, fails to state a claim on which relief

5  may be granted, or seeks monetary relief against a defendant who is immune from such relief."  28

6  U.S.C. § 1915(e)(2).  Dismissal of a complaint for failure to state a claim upon which relief can be

7  granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the Court applies the same

8  standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint.

9  When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend

10  the complaint with directions as to curing its deficiencies, unless it is clear from the face of the

11  complaint that the deficiencies could not be cured by amendment.  *See Cato v. United States*, 70

12  F.3d. 1103, 1106 (9th Cir. 1995).

13       Review under Rule 12(b)(6) is essentially a ruling on a question of law.  *See Chappel v.*

14  *Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000).  Dismissal for failure to state a

15  claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the

16  claim that would entitle him or her to relief.  *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir.

17  1999).  In making this determination, the Court takes as true all allegations of material fact stated in

18  the complaint, and the Court construes them in the light most favorable to the plaintiff.  *See*

19  *Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996).   Allegations of a pro se complainant are

20  held to less stringent standards than formal pleadings drafted by lawyers.  *See Hughes v. Rowe*, 449

21  U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).  While the standard

22  under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than

23  mere labels and conclusions.  *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007).  A

24  formulaic recitation of the elements of a cause of action is insufficient.  *Id., see Papasan v. Allain*,

25  478 U.S. 265, 286 (1986).

26       All or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the

27  prisoner's claims lack an arguable basis either in law or in fact.  This includes claims based on legal

28  conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims

of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful

factual allegations (e.g., fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319,

327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

**II.     Screening of the Complaint**

Plaintiff sues defendants E.K. McDaniel, Howard Skolnik, Robert Bannister, and Gregory

Martin for violations of his constitutional rights.  Specifically, plaintiff alleges that defendants have

systematically failed to treat his serious medical needs, thereby causing significant and unnecessary

and wanton infliction of pain.  He claims that defendants have done this by discontinuing a "no

kneel" order and forcing him to kneel and stand with debilitating injuries while in restraints.

Plaintiff contends that defendants have thereby violated his rights under the Eighth and Fourteenth

Amendments to the United States Constitution.   Plaintiff seeks declaratory and injunctive relief, as

well as monetary damages.

**A.     Defendants**

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law]     . . . subjects, or causes
> to be subjected, any citizen of the United States. . . to the deprivation
> of any rights, privileges, or immunities secured by the Constitution. . .
> shall be liable to the party injured in an action at law, suit in equity, or
> other proper proceeding for redress.  42 U.S.C. § 1983.

The statute plainly requires that there be an actual connection or link between the actions of the

defendants and the deprivation alleged to have been suffered by plaintiff.  *See Monell v.*

*Department of Social Services*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976).  The

Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right,

within the meaning of section 1983, if he does an affirmative act, participates in another's

affirmative acts or omits to perform an act which he is legally required to do that causes the

deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

Supervisory personnel are generally not liable under section 1983 for the actions of their

employees under a theory of *respondeat superior* and, therefore, when a named defendant holds a

supervisorial position, the causal link between him and the claimed constitutional violation must be

specifically alleged.  *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*,

589 F.2d 438, 441 (9th Cir. 1978), *cert. denied*, 442 U.S. 941 (1979).  To show a *prima facie* case of supervisory liability, plaintiff must allege facts indicating that supervisory defendants either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or implemented a policy "'so deficient that the policy itself "is a repudiation of constitutional rights" and is "the moving force of the constitutional violation."'"  *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  Although federal pleading standards are broad, some facts must be alleged to support claims under Section 1983.  *See Leatherman v. Tarrant County Narcotics Unit*, 113 S.Ct. 1160, 1163 (1993).   The court finds that plaintiff has adequately alleged a link between all defendants and the Constitutional violations he claims, based on supervisory liability.

## B.     Claims

Plaintiff contends that defendants have a policy and practice of failing to provide adequate medical care to him and have thereby subjected him to cruel and unusual punishment resulting in excruciating pain.  Plaintiff further claims that in 1989, his ankles were broken and his heels were severely fractured, leaving him crippled for life.  Plaintiff alleges that although he was once given a "no kneel" medical order, prison medical staff refuses to renew that order, leaving him subjected to severe pain. He further alleges the failure to provide him with adequate medical care has lead to the loss of showers and outside recreational time.

A prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  The "deliberate indifference" standard involves an objective and a subjective prong.  First, the alleged deprivation must be, in objective terms, "sufficiently serious." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)).  Second, the prison official must act with a "sufficiently culpable state of mind," which entails more than mere negligence, but less than conduct undertaken for the very purpose of causing harm.  *Farmer v. Brennan*, 511 U.S. at 837.  A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." *Id*.

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial.  Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir. 1980), *citing Estelle*, 429 U.S. at 105-06.  "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment.  Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle v. Gamble*, 429 U.S. at 106; *see also Anderson v. County of Kern*, 45 F.3d 1310, 1316 (9th Cir. 1995); *McGuckin v. Smith*, 974 F.2d 1050, 1050 (9th Cir. 1992), *overruled on other grounds, WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997)(en banc).  Even gross negligence is insufficient to establish deliberate indifference to serious medical needs.  *See Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990).  A prisoner's mere disagreement with diagnosis or treatment does not support a claim of deliberate indifference.  *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989).

The court finds that in light of all the facts alleged by plaintiff in his complaint, he states a colorable Eighth Amendment medical care claim against defendants.   The court further finds, however, that plaintiff states no basis for a claim under the Fourteenth Amendment.  Therefore, plaintiff's Fourteenth Amendment claims will be dismissed.

**C.     Motion for Intervention**

Plaintiff has filed a motion for intervention in the class action lawsuit  *Riker v. Gibbons*, 3:08-cv-00115-LRH-VPC.  Such a motion is unnecessary, as the class in *Riker* consists of all inmates at Ely State Prison who have or may have medical treatment at the Ely State Prison infirmary.  Plaintiff's motion will therefore be denied.

**D.     Defendants' Cross Motion for Bifurcation and Stay**

Defendants have filed a motion seeking to bifurcate plaintiff's monetary claim and stay these proceedings until the *Riker* litigation is concluded.   Respondents argue that plaintiff would not be prejudiced because his Constitutional and medical allegations are being pursued by class counsel in *Riker* and his damages claims will not be affected by staying that portion of this lawsuit until evidentiary matters are presented and ruled upon in *Riker*.   The court agrees.

### III.     Conclusion

**IT IS THEREFORE ORDERED** that defendants' motion for screening of the complaint is **DENIED** as moot.  (Docket #3.)

**IT IS FURTHER ORDERED** that defendants' motion to extend time is **DENIED**   as moot.  (Docket #4.)

**IT IS FURTHER ORDERED** that plaintiff's Fourteenth Amendment claims are **DISMISSED** for failure to state a claim upon which relief can be granted.

**IT IS FURTHER ORDERED** that plaintiff's motion for intervention in *Riker v. Gibbons*, 3:08-cv-00115-LRH-VPC is **DENIED**.  (Docket #5.)

**IT IS FURTHER ORDERED** that defendants' motion for bifurcation and a stay of this action is **GRANTED.**  (Docket #7.)   The claims for injunctive relief and the claims for monetary damages presented in plaintiff's complaint are hereby bifurcated and will be considered separately. Further, this case is **STAYED** pending further order of this court.

**IT IS FURTHER ORDERED** that counsel for defendants shall file notice in this case within five (5) days of resolution of the *Riker* case.  At that time, the court will order defendants to file a response to plaintiff's complaint.

**IT IS FURTHER ORDERED** that the Clerk shall **electronically serve a copy of this order, along with a copy of Plaintiff's complaint, to the Office of the Attorney General of the State of Nevada, c/o Pamela Sharp, Supervising Legal Secretary, 100 North Carson St., Carson City, Nevada 89701-4717**.

**IT IS FURTHER ORDERED** that henceforth, plaintiff shall serve upon defendants or, if an appearance has been entered by counsel, upon their attorney(s), a copy of every pleading, motion or other document submitted for consideration by the court.  Plaintiff shall include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the defendants or counsel for defendants.  If counsel has entered a notice of appearance, the plaintiff shall direct service to the individual attorney named in the notice of appearance, at the address stated therein.  The Court may disregard any paper received by a district judge or magistrate judge which has not been filed with the Clerk, and any paper received by a

district judge, magistrate judge or the Clerk which fails to include a certificate showing proper service.

DATED this 26th day of August, 2010.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE